STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
LEE I. SHERMAN (SBN 272271)
*leesherman@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

ROBERT B. BADER (SBN 233165)
*rbader@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

Attorneys for Defendant:
BANK OF AMERICA, N.A.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

ANGELLA S. WEBB, individually, on behalf of all others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

BANK OF AMERICA, N.A.; and DOES 1 through 20 inclusive,

Defendants.

Case No. 2:13-CV-02006-MCE-AC

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: December 19, 2013
Time: 2:00 p.m.
Courtroom: 7
Judge: Hon. Morrison C. England, Jr.

# TABLE OF CONTENTS

**Page**

**INTRODUCTION ..... 1**

**ALLEGED FACTS ..... 2**

**ARGUMENT ..... 3**

**I. Plaintiff's FDCPA Claim (Count 2) Fails Because Bank Of America Is Not A "Debt Collector" Under The FDCPA, And A Mortgage Loan Is Not A "Debt" Under The FDCPA ..... 3**

**A. Bank Of America Is Not A Debt Collector Under The FDCPA ..... 4**

**B. Plaintiff's Mortgage Loan Does Not Qualify As A Debt Under The FDCPA ..... 6**

**II. Plaintiff's Rosenthal Act Claim (Count 3) Fails Because Bank Of America Is Not A "Debt Collector" Under The Rosenthal Act ..... 7**

**III. Plaintiff's UCL Claims For "Unlawful" and "Fraudulent" Conduct (Count 4) Should Be Dismissed ..... 9**

**CONCLUSION ..... 10**

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 3

*Baldain v. Am. Home Mortg. Servicing, Inc.*
No. 09-CV-931, 2010 WL 56143 (E.D. Cal. Jan. 5, 2010) .......... 10

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 3

*Corvello v. Wells Fargo Bank*
728 F.3d 878 (9th Cir. 2013) .......... 9

*De Dios v. Int'l Realty & Inv.*
641 F.3d 1071 (9th Cir. 2011) .......... 4, 5

*Distor v. U.S. Bank, N.A.*
No. 09-CV-2086, 2009 WL 3429700 (N.D. Cal. Oct. 22, 2009) .......... 5

*Esquivel v. Bank of Am., N.A.*
No. 12-CV-2502, 2013 WL 682925 (E.D. Cal. Feb. 21, 2013) .......... 4

*Esquivel v. Bank of Am., N.A.*
No. 13-CV-2502, 2013 WL 5781679 (E.D. Cal. Oct. 25, 2013) .......... 8

*Franczak v. Suntrust Mortg. Inc.*
No. 12-CV-1453, 2013 WL 843912 (N.D. Cal. Mar. 6, 2013) .......... 8

*Gabali v. OneWest Bank*
No. 12-CV-2901, 2013 WL 1320770 (N.D. Cal. Mar. 29, 2013) .......... 8

*Gardner v. Am. Home Mortg. Servicing, Inc.*
691 F. Supp. 2d 1192 (E.D. Cal. 2010) .......... 8

*Gates v. Wachovia Mortg., FSB*
No. 09-CV-2464, 2010 WL 4025064 (E.D. Cal. Oct. 13, 2010) .......... 8

*Gomes v. Mortg. Elec. Registration Sys., Inc.*
No. 11-CV-1790, 2012 WL 370542 (E.D. Cal. Feb. 3, 2012) .......... 8

*Grill v. BAC Home Loans Servicing LP*
No. 10–CV–3057, 2011 WL 127891 (E.D. Cal. Jan. 14, 2011) .......... 8

*Hamilton v. U.S. Bank, N.A.*
No. 11-CV-977, 2011 WL 3475442 (S.D. Cal. Aug. 8, 2011) .......... 6

*Harvick v. Am. Home Mortg. Servicing, Inc.*
No. 12-CV-3077, 2013 WL 3283523 (E.D. Cal. June 27, 2013)........................................ 4, 5

*Hatefi v. Wells Fargo Bank, N.A.*
No. 10-CV-1332, 2010 WL 2925080 (E.D. Cal. July 23, 2010) ............................................ 6

*Hernandez v. Downey Sav. and Loan Ass'n, F.A.*
No. 08-CV-5732, 2009 WL 667406 (N.D. Cal. Mar. 13, 2009) .............................................. 7

*Hunt v. U.S. Bank, Nat. Ass'n*
No. 12-CV-2171, 2013 WL 1398964 (C.D. Cal. Apr. 3, 2013)................................................ 6

*In re Cobb*
No. 10-CV-587, 2010 WL 4942545 (E.D. Cal. Nov. 24, 2010) ............................................... 8

*Jara v. Aurora Loan Servs.*
852 F. Supp. 2d 1204 (N.D. Cal. 2012) .................................................................................. 3, 4

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009)................................................................................................ 10

*Khan v. CitiMortgage, Inc.*
No. 13-CV-1378, 2013 WL 5486777 (E.D. Cal. Sept. 30, 2013) ............................................ 9

*Krouse v. BAC Home Loans Servicing, LP*
No. 10-CV-3309, 2011 WL 6100406 (E.D. Cal. Dec. 6, 2011)........................................... 7, 9

*Lal v. Am. Home Servicing, Inc.*
680 F. Supp. 2d 1218 (E.D. Cal. 2010).................................................................................. 7, 9

*Nool v. HomeQ Servicing*
653 F. Supp. 2d 1047 (E.D. Cal. 2009).............................................................................. 3, 4, 8

*Penny v. Ndex West LLC, et al*
No. 11-CV-5567, 2012 WL 589639 (C.D. Cal. Feb. 22, 2012)................................................ 8

*Roche v. Bank of Am., Nat. Ass'n*
No. 12-CV-2002, 2013 WL 3450016 (S.D. Cal. July 9, 2013)................................................. 9

*Schlegel v. Wells Fargo Bank*
720 F.3d 1204 (9th Cir. 2013)............................................................................................... 5, 6

*Showalter v. Chase Manhattan/Providian*
No. 05-CV-548, 2005 WL 2000943 (N.D. Cal. Aug. 19, 2005)............................................... 6

*Vargas v. Bank of Am., N.A.*
No. 12-CV-2247, 2013 WL 1386342 (S.D. Cal. Apr. 4, 2013) ................................................ 8

*Velasco v. Homewide Lending Corp.*
No. 13-CV-698, 2013 WL 3188854 (C.D. Cal. June 21, 2013) ............................................... 8

*Yost v. Nationstar Mortg., LLC*
No. 13-CV-745, 2013 WL 4828590 (E.D. Cal. Sept. 9, 2013) .......... 10

**FEDERAL STATUTES**

15 U.S.C. §§ 1692, *et seq.* .......... 3, 4, 5, 6

**CALIFORNIA STATUTES**

Cal. Civ. Code § 1788.17 .......... 7

Cal. Bus. and Prof. Code § 17200 .......... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .......... 2, 10

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on December 19, 2013, at 2:00 p.m., or as soon thereafter as counsel may be heard, defendant Bank of America, N.A. ("Bank of America") will bring for hearing before the Honorable Morrison C. England, Jr., United States District Judge, in Courtroom 7 of the Robert T. Matsui Federal Courthouse, located at 501 I Street, Room 4-200 Sacramento, CA 95814, its Motion to Dismiss. Specifically, Bank of America moves to dismiss Count 2 (Violation of the Fair Debt Collection Practices Act ("FDCPA")) and Count 3 (Violation of the Rosenthal Fair Debt Collections Act) of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to allege that Bank of America is a debt collector under these Acts or that a mortgage loan is a debt under the FDCPA. In addition, Bank of America moves pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss those portions of Count 4 of the Complaint (Violations of California Business and Professions Code § 17200 ("UCL")) brought under the UCL's "unlawful" and "fraudulent" prongs, on the grounds that Plaintiff fails to allege "unlawful" and "fraudulent" conduct by Bank of America, and that any allegations of fraud are not pled with the required particularity. Bank of America requests that its motion to dismiss be granted without leave to amend.[1]

///

///

///

///

[1] In the alternative, the Court should strike the following portions of Plaintiff's UCL claim: (a) Paragraph 71 of the Complaint, which alleges unlawful conduct based upon violations of the FDCPA and Rosenthal Act and (b) all references to "unlawful" or "fraudulent" conduct in Paragraphs 73-75 of the Complaint. Fed. R. Civ. P. 12(f).

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, all documents and pleadings on file with the Court, all other matters judicially noticeable, and such further arguments and evidence as may be presented at the time of the hearing of this Motion.

Respectfully submitted,

Dated: November 8, 2013

By: /s/ Steven A. Ellis

STEVEN A. ELLIS
*sellis@goodwinprocter.com*
ROBERT B. BADER
*rbader@goodwinprocter.com*
LEE I. SHERMAN
*leesherman@goodwinprocter.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
BANK OF AMERICA, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Bank of America, N.A. ("Bank of America") submits this Memorandum in support of its Motion to Dismiss the Second Claim, the Third Claim, and portions of the Fourth Claim in Plaintiff's Complaint.

**INTRODUCTION**

At the core of this case are the allegations made by Plaintiff Angella Webb ("Plaintiff") that (a) she entered into a loan modification agreement with a prior servicer of her loan; and (b) when the servicing of her loan was transferred, the new servicer, Bank of America, failed for a short time to honor the modification agreement. Based on these allegations, Plaintiff asserts four claims in her Class Action Complaint ("Complaint" or "Compl."), purportedly on behalf of both herself and a putative class of similarly situated individuals: (1) breach of contract, (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), (3) violation of the Rosenthal Fair Debt Collections Act ("Rosenthal Act"), and (4) violation of California Business and Professions Code § 17200 ("UCL").

Plaintiff's FDCPA and Rosenthal Act claims fail as a matter of law. In addition, Plaintiff's claim for "unlawful" conduct under the UCL is entirely derivative of her claims under the FDCPA and Rosenthal Act, and her claim for "fraudulent" conduct under the UCL is not supported by any factual allegation in the Complaint. Accordingly, these claims should all be dismissed.

More specifically, Plaintiff's FDCPA claim fails because Bank of America is not a "debt collector" under the FDCPA. Courts are uniform in holding that a loan servicer is not a debt collector under the FDCPA if the subject loan is not in default when the defendant begins servicing the loan. Here, the Complaint plainly alleges that Plaintiff was current on her loan when Bank of America acquired the servicing rights. Thus, based upon Plaintiff's own allegations, Bank of America is not a "debt collector," and so Plaintiff's FDCPA claim fails as a matter of law. In addition, and independently, Plaintiff's FDCPA claim also fails because Plaintiff has not even pled facts that, if proven, would establish that Bank of America meets the statutory definition of a "debt collector" under the FDCPA. Finally, Plaintiff's FDCPA claim fails because a mortgage loan is not a "debt" under the FDCPA.

Plaintiff's Rosenthal Act claim fails for the same reasons as the FDCPA claim. As both this Court and other federal courts in California have held on multiple occasions, the scope of the Rosenthal Act is based on the FDCPA; as a result, when a mortgage servicer is not a "debt collector" under the FDCPA, it also is not a "debt collector" under the Rosenthal Act.

Plaintiff's UCL claim alleging "unlawful" conduct is based exclusively on violations of the FDCPA and Rosenthal Act. Because Plaintiff's claims under the FDCPA and Rosenthal Act fail as a matter of law, so too does Plaintiff's derivative claim for "unlawful" conduct under the UCL.

Finally, although it is unclear from the Complaint, it appears that Plaintiff may also be alleging a claim for "fraudulent" conduct under the UCL. The Complaint, however, does not allege that Bank of America committed any fraud at all – and falls far short of alleging any such fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Accordingly, this claim should be dismissed as well.

## ALLEGED FACTS[2]

Plaintiff alleges that she borrowed money to purchase certain real property in Sacramento in 2002 and refinanced her loan in 2006. Compl. ¶¶ 15-16. By 2009, Bank of America was servicing her mortgage loan, but the servicing of the loan was transferred to Specialized Loan Servicing ("SLS") in or about December 2011. *Id.* ¶ 17. While Plaintiff's mortgage loan was serviced by SLS, Plaintiff alleges that SLS offered her a permanent modification in June 2012, which Plaintiff accepted. *Id.* ¶¶ 20-23. According to Plaintiff, she made all her modified monthly payments on her loan, and was current on her loan when SLS informed Plaintiff in July 2013 that the servicing of her mortgage loan was being transferred back to Bank of America. *Id.* ¶¶ 24-26.

Plaintiff claims that although she entered into a loan modification agreement with SLS and was current on her mortgage at the time the servicing of her loan was transferred, Bank of America did not initially honor the modification agreement that Plaintiff had entered with SLS. *See id.* ¶¶ 32, 36-39. Instead, Plaintiff alleges that Bank of America initially "treat[ed] the loan as

[2] Although Bank of America denies the truth of most of all that is alleged in the Complaint, for purposes of this motion Bank of America assumes the well-pleaded factual allegations in the Complaint to be true, as it must.

if it were in default," *id.* ¶ 27, and told her "that her house was in foreclosure proceedings." *Id.* ¶ 37. Plaintiff does not allege, however, that Bank of America sent her a notice of default, informed her that she was in default, or actually referred her loan to foreclosure.

## ARGUMENT

To survive a motion to dismiss for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In explaining this standard, the Supreme Court emphasized that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Plaintiffs must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### I. PLAINTIFF'S FDCPA CLAIM (COUNT 2) FAILS BECAUSE BANK OF AMERICA IS NOT A "DEBT COLLECTOR" UNDER THE FDCPA, AND A MORTGAGE LOAN IS NOT A "DEBT" UNDER THE FDCPA

Plaintiff's FDCPA claim (Count 2) fails as a matter of law for at least two separate and independent reasons. First, Plaintiff alleges in her Complaint that Bank of America violated two provisions of the FDCPA that prohibit certain activities by"debt collectors." *See* Compl. ¶¶ 56-58 (alleging violations of 15 U.S.C. §§ 1692e and 1692f). But, as a threshold matter, Bank of America does not meet the statutory definition of a debt collector in this case. *See* 15 U.S.C. § 1692a(6); *see also, e.g., Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1210-12 (N.D. Cal. 2012); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009). Second, mortgage loans are not "debts" under the FDCPA. For each of these reasons, Plaintiff's claim under the FDCPA should be dismissed.

### A. BANK OF AMERICA IS NOT A DEBT COLLECTOR UNDER THE FDCPA

The FDCPA provisions identified in the Complaint regulate the conduct of "debt collectors." 15 U.S.C. §§ 1692e, 1692f. The FDCPA defines a debt collector as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The FDCPA expressly excludes from its definition of "debt collector" "any person collecting or attempting to collect any debt … to the extent such activity … *concerns a debt which was not in default at the time it was obtained by such person*." 15 U.S.C. § 1692a(6)(F) (emphasis added).

On that basis, the Ninth Circuit has held that mortgage servicers and other entities who service a debt prior to a default are not debt collectors. *De Dios v. Int'l Realty & Inv.*, 641 F.3d 1071, 1074-76 (9th Cir. 2011). As the Ninth Circuit explained, the definition of a debt collector "does not include those 'mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing.'" *Id.* at 1075 n.3 (quoting legislative history).

Just a few months ago, this Court considered this very issue and reached the same conclusion. As the Court explained in dismissing a FDCPA claim without leave to amend, a loan servicer is not a "debt collector" under the FDCPA if the loan was not in default at the time it was transferred to the servicer. *Harvick v. Am. Home Mortg. Servicing, Inc.*, No. 12-CV-3077, 2013 WL 3283523, at *4-5 (E.D. Cal. June 27, 2013) (England, Jr., J.) (citing *Nool*, 653 F. Supp. 2d at 1053). And, indeed, federal courts in California uniformly recognize that loan servicers who acquire servicing rights *before* a mortgage loan is in default do not qualify as "debt collectors" under the FDCPA. *See, e.g.*, *Esquivel v. Bank of Am., N.A.*, No. 12-CV-2502, 2013 WL 682925, at *2-3 (E.D. Cal. Feb. 21, 2013) (dismissing plaintiffs' FDCPA claim against Bank of America without leave to amend because Bank of America was not a "debt collector" where the debt was not in default at time it was assigned); *Jara*, 852 F. Supp. 2d at 1210-12 (dismissing FDCPA claim with prejudice based on the finding that defendant was not a "debt collector" under the FDCPA

"[b]ecause [defendant] became servicer to [plaintiff's] loan before he defaulted") (citing *Distor v. U.S. Bank, N.A.*, No. 09-CV-2086, 2009 WL 3429700, at *5 (N.D. Cal. Oct. 22, 2009) ("Defendant [] was the loan servicer before the mortgage went into default, and the FDCPA excludes persons attempting to collect a debt that was not in default at the time it was obtained.")).

Here, Plaintiff alleges in her Complaint that Bank of America is the servicer of Plaintiff's loan, Compl. ¶ 10, but does not allege that she was in default when Bank of America reacquired the servicing rights in July 2013. *See id.* ¶ 26. To the contrary, Plaintiff alleges the opposite – that Plaintiff's loan was modified in June 2012 and that Plaintiff had made all payments under the modification agreement as of July 2013, when Bank of America reacquired the servicing rights. *Id.* ¶¶ 20-25. As Plaintiff specifically alleges, she was "current" on her mortgage loan when servicing was transferred back to Bank of America. *See, e.g.*, Compl. ¶ 39 (alleging that Bank of America "treat[ed] the loan as in default while Plaintiff [was] current on her mortgage"); *id.* ¶ 72 (alleging that Bank of America "refused to accept timely payments … when Plaintiff was current under the modification").

In sum, taking the facts alleged in the Complaint as true, Plaintiff was not in default at the time Bank of America obtained servicing rights. Accordingly, Bank of America does not meet the FDCPA definition of a "debt collector" in relation to Plaintiff's loan. *See, e.g.*, *De Dios*, 641 F.3d at 1074-76; *Harvick*, 2013 WL 3283523, at *4. As a matter of law, Plaintiff's FDCPA count fails to state a claim upon which relief may be granted.

In addition (although no more is needed), Plaintiff's Complaint fails to allege that Bank of America is a "debt collector" as defined under the FDCPA for a separate and independent reason. As set forth above, the FDCPA contains two alternative definitions of a debt collector: a debt collector is a person (1) whose "principal purpose" in business is the "collection of any debts" and who "uses any instrumentality of interstate commerce or the mails" in the business; or (2) one who "regularly collects or attempts to collect … debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). As the Ninth Circuit recently held in *Schlegel v. Wells Fargo Bank*, 720 F.3d 1204 (9th Cir. 2013), a plaintiff asserting a FDCPA claim must include in her complaint sufficient factual allegations to establish (for pleading purposes) that a defendant meets

at least one of these two alternative statutory definitions. *Id.* at 1208-10. Where a plaintiff fails to include such factual allegations in her complaint, the FDCPA claim must be dismissed. *Id.*

The Ninth Circuit's holding in *Schlegel* was far from novel. Even before *Schlegel*, federal courts in California regularly dismissed FDCPA claims where plaintiffs failed to plead the facts that would (if proven) establish that a defendant was a "debt collector" under the statute. *See, e.g.*, *Hunt v. U.S. Bank, Nat. Ass'n*, No. 12-CV-2171, 2013 WL 1398964, at *9 (C.D. Cal. Apr. 3, 2013) (dismissing FDCPA claim because "[t]he Complaint is devoid of any allegations tending to establish that the principal purpose of Defendants businesses is the collection of debts"); *Showalter v. Chase Manhattan/Providian*, No. 05-CV-548, 2005 WL 2000943, at *2-3 (N.D. Cal. Aug. 19, 2005) (dismissing plaintiff's FDCPA claim because plaintiff failed to allege that defendant collected debts of "another" third party as required under the definition).

Here, as in *Schlegel*, Plaintiff does not allege that Bank of America's "principal purpose of business" is the collection of debts or that the defendant "regularly collects or attempts to collect … debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a; *Schlegel*, 720 F.3d at 1208-10. Rather, all that Plaintiff alleges is that Bank of America is the servicer of her loan and made certain efforts to collect payments owed by Plaintiff. *See, e.g.*, Compl. ¶¶ 10, 54. In the absence of sufficient factual allegations that Bank of America fits within the statutory definition of a debt collector, Plaintiff's FDCPA claim must be dismissed.

**B. PLAINTIFF'S MORTGAGE LOAN DOES NOT QUALIFY AS A DEBT UNDER THE FDCPA**

Plaintiff's FDCPA claim also fails for an additional and independent reason: a mortgage loan is not a "debt" and collection efforts related to mortgage loans do not constitute "debt collection" under the FDCPA. As this Court explained in dismissing a FDCPA claim against a loan servicer, "a mortgage does not qualify as a debt under the FDCPA." *Hatefi v. Wells Fargo Bank, N.A.*, No. 10-CV-1332, 2010 WL 2925080, at *1 (E.D. Cal. July 23, 2010) (England, Jr., J.) (citing cases). Other courts have reached the same conclusion. *E.g., Hamilton v. U.S. Bank, N.A.*, No. 11-CV-977, 2011 WL 3475442, at *4 (S.D. Cal. Aug. 8, 2011) ("[T]he FDCPA does not apply to collection efforts related to mortgage loans and the nonjudicial foreclosure process.").

For this additional reason, Plaintiff's FDCPA claim fails as a matter of law and should be dismissed.

## II. PLAINTIFF'S ROSENTHAL ACT CLAIM (COUNT 3) FAILS BECAUSE BANK OF AMERICA IS NOT A "DEBT COLLECTOR" UNDER THE ROSENTHAL ACT

Plaintiff's claim under the Rosenthal Act fails with her FDCPA claim. Indeed, there is substantial overlap between the provisions of the Rosenthal Act and the FDCPA, and the Rosenthal Act expressly incorporates several sections of the FDCPA, stating that "every debt collector collecting or attempting to collect a consumer debt shall comply with [specified FDCPA] provisions." Cal. Civ. Code § 1788.17; *Hernandez v. Downey Sav. and Loan Ass'n, F.A.*, No. 08-CV-5732, 2009 WL 667406, at *2 (N.D. Cal. Mar. 13, 2009) ("The Rosenthal Act incorporates the FDCPA's provisions concerning validation of debts and makes non-compliance with those provisions a violation of California law.").

Due to the overlap between the FDCPA and the Rosenthal Act, this Court has repeatedly held that when a loan servicer is not a debt collector under the FDCPA, the servicer also is not a debt collector under the Rosenthal Act. For example, in *Krouse v. BAC Home Loans Servicing, LP*, No. 10-CV-3309, 2011 WL 6100406 (E.D. Cal. Dec. 6, 2011) (England, Jr., J.), this Court reached this exact conclusion in dismissing plaintiffs' Rosenthal Act claims. The plaintiffs in *Krouse* alleged violations of the Rosenthal Act against Bank of America for attempting to collect on a defaulted deed of trust for a mortgage loan that plaintiffs claimed should have been modified. *Id.* at *2, 6. This Court relied on Eastern District cases in dismissing the plaintiffs' Rosenthal Act claim without leave to amend, holding that Bank of America was not a "debt collector" because "under the [Rosenthal Act], a mortgage servicing company or any assignee of the debt is not considered a debt collector." *Id.* at *6-7. Similarly, in *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218 (E.D. Cal. 2010) (England, Jr., J.), this Court dismissed FDCPA and Rosenthal Act claims against a loan servicer, reasoning that "[t]he law is well settled that FDCPA's definition of debt collector 'does not include … a mortgage servicing company'" and "as servicer of the loan, Defendant may not be held liable under [the Rosenthal Act]." *Id.* at 1224; *see also id*. (noting that the Rosenthal Act "does in fact mirror in the FDCPA").

Numerous other decisions from District Courts throughout California are in accord, holding that a loan servicer is not a "debt collector" under the FDCPA and the Rosenthal Act. *See, e.g., Vargas v. Bank of Am., N.A.*, No. 12-CV-2247, 2013 WL 1386342, at *2-3 (S.D. Cal. Apr. 4, 2013) (dismissing plaintiff's FDCPA and Rosenthal Act claims because Bank of America was not a loan servicer under the FDCPA, and "[t]he Rosenthal Act incorporates the substantive provisions of the FDCPA"); *Grill v. BAC Home Loans Servicing LP*, No. 10–CV–3057, 2011 WL 127891, at *9 (E.D. Cal. Jan. 14, 2011) (dismissing Rosenthal Act claim recognizing that "several courts within this Circuit have also concluded that in mirroring certain provisions of the [FDCPA], a mortgage servicing company or any assignee of [a mortgage] debt is not considered a 'debt collector'" under the Rosenthal Act); *In re Cobb*, No. 10-CV-587, 2010 WL 4942545, at *5 (E.D. Cal. Nov. 24, 2010) (same); *Gates v. Wachovia Mortg., FSB*, No. 09-CV-2464, 2010 WL 4025064, at *2-3 (E.D. Cal. Oct. 13, 2010) (same); *Nool*, 653 F. Supp. 2d. at 1053 (dismissing Rosenthal Act claim that failed under FDCPA because "the scope of California's [Rosenthal Act] mirrors the federal statute").[3]

There is a line of decisions from federal courts in California to the contrary. *See, e.g., Esquivel v. Bank of Am., N.A.*, No. 13-CV-2502, 2013 WL 5781679, at *3-4 & n.2 (E.D. Cal. Oct. 25, 2013) (holding that a defendant may be a "debt collector" under the Rosenthal Act even though the defendant obtained servicing rights after plaintiffs defaulted on the loan and the related

---

[3] *See also, e.g., Velasco v. Homewide Lending Corp.*, No. 13-CV-698, 2013 WL 3188854, at *3 (C.D. Cal. June 21, 2013) (dismissing Rosenthal Act claim with prejudice because "[a] loan servicer is not a debt collector under [the Rosenthal Act]") (quoting *Lal*, 680 F. Supp. 2d at 1224); *Gabali v. OneWest Bank*, No. 12-CV-2901, 2013 WL 1320770, at *7 (N.D. Cal. Mar. 29, 2013) (dismissing UCL claim premised on Rosenthal Act violation without leave to amend because "[a] loan servicer is not a 'debt collector' for the purposes of [the Rosenthal Act]") (quoting *Franczak v. Suntrust Mortg. Inc.*, No. 12-CV-1453, 2013 WL 843912, at *6 (N.D. Cal. Mar. 6, 2013)); *Penny v. Ndex West LLC, et al*, No. 11-CV-5567, 2012 WL 589639, at *7 (C.D. Cal. Feb. 22, 2012) (dismissing Rosenthal Act claim with prejudice where "the allegations in [p]laintiff's complaint make it clear that [defendant mortgage servicer] obtained its interest in [p]laintiff's loan prior to default"); *Gomes v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-1790, 2012 WL 370542, at *5 (E.D. Cal. Feb. 3, 2012) (dismissing with prejudice FDCPA and Rosenthal Act claims because "it is well established that mortgage servicing companies are not debt collectors for purposes of the FDCPA or [the Rosenthal Act]"); *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1198-99 (E.D. Cal. 2010) (dismissing Rosenthal Act claim holding that "claims against Defendants [that] arise out of collection efforts related to Plaintiff's mortgage loan" are "outside the scope of the Rosenthal Act").

claims were dismissed under the FDCPA); *Roche v. Bank of Am., Nat. Ass'n*, No. 12-CV-2002, 2013 WL 3450016, at *6 (S.D. Cal. July 9, 2013). These cases, however, have failed to sufficiently explain why, in light of the substantial overlap between the provisions of the FDCPA and the Rosenthal Act, a loan servicer that is not a "debt collector" for purposes of the FDCPA should nonetheless be considered a "debt collector" for purposes of the Rosenthal Act. For this reason, this Court should follow the line of cases identified above (including this Court's own decisions in *Krouse* and *Lal*) and hold that Bank of America is not, based upon the facts alleged in the Complaint, a "debt collector" under the Rosenthal Act.

In sum, as set forth above, Plaintiff does not allege that her loan was in default when Bank of America reacquired the servicing rights in July 2013, and thus, does not allege that Bank of America was a "debt collector" with regard to her loan under the FDCPA. By extension, Plaintiff cannot allege that Bank of America was a "debt collector" under the Rosenthal Act as required to state a claim under that statute. *See Krouse*, 2011 WL 6100406 at *6-7. For this reason, this Court should dismiss Plaintiff's Rosenthal Act claim with prejudice.[4]

**III. PLAINTIFF'S UCL CLAIMS FOR "UNLAWFUL" AND "FRAUDULENT" CONDUCT (COUNT 4) SHOULD BE DISMISSED**

Plaintiff also fails to state a claim against Bank of America under the unlawful and fraudulent prongs of the UCL.

To state a claim under the "unlawful" prong of the UCL, Plaintiff must properly plead that Bank of America violated another federal, state or local law. *Khan v. CitiMortgage, Inc.*, No. 13-CV-1378, 2013 WL 5486777, at *12 (E.D. Cal. Sept. 30, 2013). Plaintiff attempts to satisfy the "unlawful" prong by alleging violations of the FDCPA and the Rosenthal Act, Compl. ¶ 71, but as discussed above, Plaintiff has not stated, and cannot state, a claim for a violation of either statute.

---

[4] Plaintiff may attempt to rely on the Ninth Circuit's recent decision in *Corvello v. Wells Fargo Bank*, 728 F.3d 878 (9th Cir. 2013), to argue that loan servicers are debt collectors under the Rosenthal Act. In *Corvello*, however, the Ninth Circuit, however, held only that a loan servicer was engaged in collecting on a "debt" where it attempted to modify plaintiff's mortgage loan. *See id.* at 885. The Ninth Circuit did not consider or rule upon the separate legal issue of whether a loan servicer can be considered a "debt collector" under the Rosenthal Act (which was not an issue raised by the defendant in that case). *See id.*

Because Plaintiff's claim for "unlawful" conduct under the UCL is entirely derivative of her FDCPA and Rosenthal Act claims, and because Plaintiff's FDCPA and Rosenthal Act claims should now be dismissed, this Court should also dismiss Plaintiff's claim for "unlawful" conduct under the UCL. *See Yost v. Nationstar Mortg., LLC*, No. 13-CV-745, 2013 WL 4828590, at *13 (E.D. Cal. Sept. 9, 2013) ("[S]ince the Court has dismissed all of Plaintiffs' predicate violations, Plaintiffs cannot state a claim under the unlawful business practices prong of the UCL.").

To the extent Plaintiff attempts to plead a claim under the UCL's "fraudulent" prong, that claim must be dismissed because Plaintiff pleads no fraudulent conduct to sustain it. The only allegation even referencing fraudulent conduct is a passing mention of fraud in Paragraph 75 of the Complaint, but that allegation does not meet the heightened pleading standard of Rule 9(b), which applies to all claims based on fraud and deception, including UCL actions. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009); *Baldain v. Am. Home Mortg. Servicing, Inc.*, No. 09-CV-931, 2010 WL 56143, at *8 (E.D. Cal. Jan. 5, 2010). Because the Complaint is devoid of any factual allegations regarding any fraudulent conduct or representation by Bank of America, let alone any particularized allegations of fraudulent conduct that are required by Rule 9(b), Plaintiff does not state a claim under the "fraudulent" prong of the UCL. *See id.*

**CONCLUSION**

For all the foregoing reasons, Bank of America respectfully requests that this Court dismiss Plaintiff's claims under the FDCPA, the Rosenthal Act, and the "unlawful" and "fraudulent" prongs of the UCL without leave to amend.

Respectfully submitted,

Dated: November 8, 2013

By: /s/ Steven A. Ellis

STEVEN A. ELLIS
*sellis@goodwinprocter.com*
ROBERT B. BADER
*rbader@goodwinprocter.com*
LEE I. SHERMAN
*leesherman@goodwinprocter.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
BANK OF AMERICA, N.A.

**PROOF OF SERVICE**

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on **November 8, 2013**.

/s/ Steven A. Ellis
Steven A. Ellis